# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JAMES MICHAEL RANSOM, II,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV212-078

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Michael Ransom, II, ("Ransom"), an inmate currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ransom has filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Ransom was convicted in the Southern District of Georgia, after pleading guilty to one count of carjacking, in violation of 18 U.S.C. § 2119, and to one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). This Court sentenced Ransom to 120 months' imprisonment on Count 1 and 84 months' imprisonment as to Count 2, to be served consecutively. Plaintiff did not file an appeal.

AO 72A
(Rev. 8/82)

This Court granted the Government's Rule 35(b) motion and reduced Ransom's sentence on the carjacking conviction to 96 months' imprisonment. Ransom filed a motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255, and this Court dismissed his motion as untimely.

In this petition, Ransom contends that his conviction for possession of a firearm should merge with his conviction for carjacking. Ransom maintains that sentencing him under both statutes violates double jeopardy. Respondent asserts that Ransom's petition is due to be dismissed for three (3) reasons. First, Respondent contends that Ransom should have filed his petition in the district of his confinement.[1] Respondent also contends that Ransom does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed. Finally, Respondent contends that Ransom's petition is a successive § 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

---

[1] The undersigned agrees that Ransom's petition should have been filed in the District of South Carolina, as he is incarcerated in Estill, South Carolina. However, this Court has transferred § 2241 petitions filed in this Court by inmates convicted in this Court but incarcerated in other districts only to have those other districts transfer the petitions back to this Court. In an effort to avoid a round of judicial ping pong with the District of South Carolina, the undersigned addresses whether Ransom satisfies the savings clause of section 2255.

2

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Ransom has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Ransom fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because this Court dismissed Ransom's claims as time-barred does not mean that section 2255's remedy is inadequate or ineffective. Ransom has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Ransom has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Ransom cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ransom is

4

AO 72A
(Rev. 8/82)

doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ransom's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)